UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-00188-RJC-DSC

| | |
|---|---|
| RONALD BARRANCO and PRINT3D CORPORATION, ) ) ) Plaintiffs, ) ) v. ) ) 3D SYSTEMS CORPORATION, 3D ) SYSTEMS, INC., DAMON GREGOIRE, ) JOHN DOES 1–10, JANE DOES 1–10, ) and DOE ENTITIES 1–10, ) ) Defendants. ) _____ ) | **ORDER** |

**THIS MATTER** is before the Court on Defendants 3D Systems, Inc. and 3D Systems Corporation's (collectively, "3D Systems" or "3D") Motion for Stay of Execution of Judgment Pending Appeal Without Supersedeas Bond or, in the Alternative, To Post Alternate or Lesser Security and supporting memorandum, (Doc. Nos. 87, 87-1); Plaintiff Ronald Barranco's ("Barranco" or "Plaintiff") Memorandum in Opposition to Defendants' Motion, (Doc. No. 88); Defendants' Reply in Support of their Motion, (Doc. No. 92); and the associated declarations and exhibits.

On August 31, 2016, this Court entered an Order and Judgment (the "Judgment") against 3D Systems and in favor of Barranco in the amount of $11,281,681.46. (Doc. Nos. 77, 78). Plaintiff and Defendants filed cross motions to alter judgment, (Doc. Nos. 79, 82), and on May 18, 2017 the Court denied both motions. (Doc. No. 86). Shortly thereafter, Defendants filed the instant motion asking the Court to stay the execution of the Judgment without a supersedeas bond or with a lesser bond or alternate security. (Doc. No. 87). Defendants subsequently

appealed to the United States Court of Appeals for the Fourth Circuit the Court's Judgment and Order denying the Cross Motions to Alter Judgment on June 15, 2017. (Doc. No. 89).

Rule 62(d) of the Federal Rules of Civil Procedure provides, in pertinent part, that where an appeal is taken, the appealing party "may obtain a stay by supersedeas bond." Fed. R. Civ. P. 62(d). It is well-settled that, when a supersedeas bond is posted, the appellant is entitled to the stay "as a matter of right." Am. Mfrs. Mut. Ins. Co. v. Am. Broad.-Paramount Theatres, Inc., 87 S. Ct. 1, 3 (1966). "The stay takes effect when the court approves the bond." Fed. R. Civ. P. 62(d). The Court uses its discretion to set the amount of the bond. See Van Pelt v. UBS Fin. Servs., No. 3:05-cv-477, 2007 WL 3224747, at *1 (W.D.N.C. Oct. 29, 2007). The amount of the bond "is usually set in an amount that will permit full satisfaction of the judgment together with costs and interest." Id.

In the alternative to a full supersedeas bond and associated stay as a matter of right, courts have discretion to grant a stay of execution absent a supersedeas bond or with a lesser or alternate security. In such scenarios, courts must first consider whether a stay is warranted by assessing four factors:

1. whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
2. whether the applicant will be irreparably injured absent a stay;
3. whether issuance of the stay will substantially injure the other parties interested in the proceedings; and
4. where the public interest lies.

Hilton v. Braunskill, 481 U.S. 770, 776 (1987) (citations omitted). See also Kirby v. Gen. Elec. Co., 210 F.R.D. 180, 195 (W.D.N.C. 2000), aff'd, 20 F. App'x 167 (4th Cir. 2001).

If a stay is warranted, a court also has discretionary authority to decide whether a bond is necessary. Though the Fourth Circuit has not specifically opined on the issue, several circuit courts and many district courts within the Fourth Circuit have held that there are two

circumstances where a bond may not be required: "(i) when the judgment debtor can currently easily meet the judgment and demonstrates that it will maintain the same level of solvency during appeal, and (ii) when 'the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial hardship.'" Alexander v. Chesapeake, Potomac, and Tidewater Books, Inc., 190 F.R.D. 190, 193 (E.D.Va.1999) (quoting Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979)). See also Kirby, 210 F.R.D. at 195. Although a decision to stay a case upon appeal without a full supersedeas bond is within the Court's discretion, requiring anything less than the fully bond is the rare case. Alexander, 190 F.R.D. at 193; Holland v. Law, 35 F. Supp. 2d 505, 506 (S.D.W. Va. 1999) (waiving the full bond requirement should only be done in "extraordinary circumstances"). This is not such a case.

  3D Systems' argument essentially is that it is so financially well-off that it need not pay a bond, or need not pay the full amount, because it will easily be able to satisfy an $11.3 million judgment. Though this argument finds some support in the law of other circuits, it raises the question—why doesn't 3D Systems' simply post the bond and secure its stay as a matter of right. Indeed, the majority of the case law seems to involve the second Poplar Grove exception—appellants that don't have the requisite funds to post a full bond. Regardless, a discretionary stay is not warranted in this case. Analyzing the factors from Hilton makes the point clear. First, 3D Systems has not made a strong showing that it is likely to succeed on the merits. Notwithstanding the Court's Judgment and its Order denying the Parties' Cross Motions to Alter Judgment, 3D Systems must overcome a substantial barrier on its appeal—a standard of review "among the narrowest known at law." Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc., 142 F.3d 188, 193 (4th Cir. 1998); see also (Doc. No. 77 at 4–6). Second, 3D Systems' own

admission demonstrates that it will not suffer irreparable harm absent a stay. Indeed, 3D Systems' boasts of its financial wealth and stability in requesting this stay. Neither the third nor the fourth factors articulated in Hilton strongly favor granting or denying a stay. It seems likely that 3D Systems will be able to pay any judgment once the pending appeal is resolved. Yet, nothing in life is certain and there is no predicting 3D Systems' financial future throughout the duration of an appeal. Regarding the fourth factor, the public is not immediately affected by a stay in this matter, but arguments can be made on either side for indirect effects. On the one hand, granting a stay may benefit the public, particularly those invested in 3D Systems, by allowing 3D Systems the continued use of the judgment amount. On the other hand, a stay may encourage wealthy appellants to extend litigation with little risk. Ultimately, the strength of the first two Hilton factors as applied to this case favor declining to grant a discretionary stay.[1]

Accordingly, the Court declines to exercise its discretion and allow a stay absent the posting of a full supersedeas bond to secure the judgment. "The philosophy underlying Rule 62(d) is that a plaintiff who has won in the trial court should not be put to the expense of defending his judgment on appeal unless the defendant takes reasonable steps to assure that the judgment will be paid if it is affirmed." Lightfoot v. Walker, 797 F.2d 505, 506–07 (7th Cir. 1986). Particularly given the size of the judgment against Defendants and the litigious history between the parties, the Court finds a full supersedeas bond to be appropriate to secure the

---

[1] 3D Systems' contends that the Court should bypass the Hilton factors and apply solely the Poplar Grove exceptions in determining whether a stay should be granted. Even under such an analysis, the Court finds a stay inappropriate as 3D Systems has not provided an adequate alternative to securing the full judgment amount. See Olympia Equip. Leasing Co. v. Western Union Telegraph Co., 786 F.2d 794, 800 (7th Cir. 1986) (Easterbrook, J., concurring) (noting that fashioning an alternative to a full supersedeas bond is "a very difficult task"). After withdrawing its request to obtain a line of credit in lieu of a bond, the only alternate proposal 3D Systems makes is a lesser bond. The Court does not find that lesser security satisfactory under the circumstances.

judgment.  If 3D Systems wants a stay of execution of the Judgment, it may obtain one as a matter of right by posting a full supersedeas bond.  Nevertheless, the Court will grant 3D Systems request concerning timing and allow 3D Systems fourteen (14) days from the date of this Order to post a full supersedeas bond.

**IT IS, THEREFORE, ORDERED** that Defendant 3D Systems' Motion To Stay Execution of Judgment Without Supersedeas Bond, (Doc. No. 87), is **DENIED in part** and **GRANTED in part**.  Specifically, Defendant 3D Systems' request for a stay absent a supersedeas bond or, in the alternative, for a lesser security is **DENIED**.  Defendant 3D Systems' request for fourteen (14) days from the date of this Order to post its supersedeas bond is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant 3D Systems may elect to post a full supersedeas bond in the amount of $11,281,681.46 with the Clerk of the Court.  Pursuant to Federal Rules of Civil Procedure Rule 62(d) and Federal Rules of Appellate Procedure Rule 8, this action will be stayed upon the posting of such bond with this Court.  If a full supersedeas bond is not posted within **fourteen (14) days** of this Order, execution on the judgment may proceed.

Signed: July 25, 2017

Robert J. Conrad, Jr.
United States District Judge